WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie Prasad,<br><br>        Plaintiff,<br><br>v.<br><br>Equal Employment Opportunity Commission,<br><br>        Defendant. | No. CV-25-00758-PHX-MTL<br><br>**ORDER** |

Before the Court are Defendant Equal Employment Opportunity Commission's Motion to Dismiss (Doc. 19) and Plaintiff Stephanie Prasad's Cross-Motion for Judgment on the Pleadings (Doc. 22).

**I.**

On May 7, 2024, the EEOC issued Plaintiff's notice of suit rights, triggering the ninety-day deadline to bring a civil action under 42 C.F.R. § 2000e-5(f)(1). (Doc. 12 ¶ 13.) Plaintiff pursued her employment claims by commencing arbitration. (*Id.* ¶ 14.) On December 5, 2024, Plaintiff submitted a FOIA request to EEOC for the charge file related to her charge. (*Id.* § 17.) The EEOC denied her request because she "ha[d] not shown the existence of any lawsuit filed by the charging party in federal district court." (Doc. 12-1); *see* 29 C.F.R. § 1610.5(b)(3) (imposing the requirement that "a copy of the 'Filed' stamped court complaint [be provided] when requesting a copy of the charge file").

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, Plaintiff seeks a declaration of her right to the charge file and an injunction compelling the EEOC to

1 produce it. (Doc. 12 at 6.) Plaintiff also asks the Court to review and set aside the final
2 agency decision and declare unenforceable the provisions of 29 C.F.R. § 1610.5(b)(3)
3 under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*

## II.

Plaintiff filed suit on March 6, 2025. (Doc. 1.) On August 14, 2025, the EEOC produced a copy of Plaintiff's charge file to her. (Doc. 19-1.) Defendant moves to dismiss for lack of jurisdiction, arguing that the EEOC's production of the file moots the case. (Doc. 19.) In Plaintiff's response, she moves for judgment on the pleadings. (Doc. 22.)

For this Court to have jurisdiction, there must be a justiciable case or controversy. *Steel Co. v. Citizens for a Better Env'*, 523 U.S. 83, 101 (1998). "An actual controversy must exist . . . through all stages of the litigation." *Kingdomware Tech., Inc. v. U.S.*, 579 U.S. 162, 162-163 (2016). A court must a dismiss a case as moot if "a complaining party manages to secure outside of litigation all the relief he might have won in it." *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 240 (2024). Still, "a defendant's voluntary cessation of a challenged practice will moot a case only if the defendant can show that the practice cannot reasonably be expected to recur." *Id.* at 241 (citation modified).

Plaintiff's alleged harm is the EEOC's withholding of her charge file, which has been ameliorated by the EEOC providing it to her. Plaintiff argues that she maintains a justiciable claim because the EEOC will continue to apply the challenged regulation, causing the harm to others in the future. (Doc. 22 at 6-7.) The "voluntary cessation" exception is applicable only when a defendant ceases the harmful action, but the possibility remains that the defendant will harm *the plaintiff* in the future. *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 192 (2000) (the exception "does not license courts to retain jurisdiction over cases in which one or both of the parties plainly lack a continuing interest, as when the parties have settled."). The mere continued existence of the challenged regulation cannot justify justiciability. *See DeFunis v. Odegaard*, 416 U.S. 312 (1974) (holding that "mootness in the present case depends not at all upon a 'voluntary cessation' of the [challenged] practices that were the subject of this litigation. It

depends, instead, upon" the possibility of harm to the plaintiff specifically). There is no future action the EEOC could take that would cause the alleged injury of withholding Plaintiff's claim file from her. Both of Plaintiff's claim, which arise out of the same harm, are moot, and the "voluntary cessation" exception does not apply. The Court must dismiss this case.

Because this Court lacks jurisdiction, it may not consider Plaintiff's Cross-Motion for Judgment on the Pleadings (Doc. 22); *Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause"). The Court will therefore deny it.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 19) is **GRANTED**. This case is dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Cross-Motion for Judgment on the Pleadings (Doc. 22) is **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk of Court must enter judgment accordingly and close this case.

Dated this 12th day of January, 2026.

_____
Michael T. Liburdi
United States District Judge