**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephanie Prasad, | No. CV-25-00758-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Equal Employment Opportunity Commission, | |
| Defendant. | |

Pending before the Court are Defendant Equal Employment Opportunity Commission's Motion to Strike Bill of Costs (Doc. 33) and Motion for Attorney Fees (Doc. 36).

**I.**

Plaintiff Stephanie Prasad brought this suit pursuant to the Freedom of Information Act, 5 U.S.C. § 552 *et seq.*, seeking a declaration of her right to her charge file and an injunction compelling Defendant to produce it. (Doc. 12 at 6.) While pursuing her employment claims in arbitration, Plaintiff submitted a FOIA request to Defendant for the charge file related to her charge. (*Id.* ¶¶ 14, 17.) Defendant denied her request because she "ha[d] not shown the existence of any lawsuit filed by the charging party in federal district court." (Doc. 12-1); *see* 29 C.F.R. § 1610.5(b)(3) (requiring that "a copy of the 'Filed' stamped court complaint [be provided] when requesting a copy of the charge file"). On August 14, 2025—five months after Plaintiff initiated this suit—Defendant produced to Plaintiff a copy of her charge file. (Doc. 19-1.) The Court therefore found that Plaintiffs'

claims were moot and granted Defendant's Motion to Dismiss. (Doc. 30.)

After judgment was entered, Plaintiff filed a Bill of Costs, requesting that the Clerk of Court tax costs in the amount of $547.00, the amount of fees paid to file and serve the summons and complaint. (Doc. 32.) Defendant filed a Motion to Strike the Bill of Costs. (Doc. 33.) Plaintiff then filed a Motion for Attorneys' Fees, seeking $10,600.00 in attorneys' fees for work expended on this matter. (Doc. 36.) The Motions are fully briefed. (Docs. 33, 35, 36, 37, 38.)

## II.

Plaintiff must be eligible to request fees and costs. FOIA provides that "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). "[A] complainant has substantially prevailed if the complainant has obtained relief through either—(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *Id.* § 552(a)(4)(E)(ii)(I)-(II). In making a party eligible to recover costs when there is a change in position by the agency, Congress restored the "catalyst theory," which provides that for a movant to have substantially prevailed, "there . . . must be a causal nexus between the litigation and the voluntary disclosure or change in position by the Government." *First Amend. Coal. v. U.S. Dep't. of Just.*, 878 F.3d 1119, 1128 (9th Cir. 2017). That is, when a plaintiff's lawsuit is the catalyst that causes the agency to voluntarily make the requested disclosure, the plaintiff is eligible to recover fees and costs.

The Court finds that Plaintiff is eligible under FOIA to seek fees and costs. The cover letter to Defendant's disclosure, which ultimately served as the basis for this Court's finding that this case is moot, states that the "disclosure [was] made solely in an effort to resolve [this case]." (Doc. 19-1 at 2.) The cover letter is convincing evidence that this litigation had a substantial causative effect on the disclosure. Plaintiff's claim to the records was also not insubstantial, as the government's disclosure produced responsive records.

- 2 -

(*Id.*) Accordingly, Plaintiff has "substantially prevailed" under § 552(a)(4)(E)(ii) and is eligible to move for the recovery of litigation costs.

### III.

The Court now turns to whether Plaintiff has made the requisite showing that she is entitled to an award of fees and costs. *See Hiken v. Dep't of Def.*, 836 F.3d 1037, 1042 (9th Cir. 2016). "Four factors inform this entitlement inquiry: '(1) the public benefit from disclosure, (2) any commercial benefit to the plaintiff resulting from disclosure, (3) the nature of the plaintiff's interest in the disclosed records, and (4) whether the government's withholding of the records had a reasonable basis in law.'" *Schoenberg v. Fed. Bureau of Investigation*, 2 F.4th 1270, 1275 (9th Cir. 2021) (quoting *Hiken*, 836 F.3d at 1044). Granting recovery of costs is "within the sound discretion of the trial court." *Hiken*, 836 F.3d at 1044 (citation omitted).

The first factor weighs in Plaintiff's favor if the disclosure of her charge file benefits the public. *Schoenberg*, 2 F.4th at 1275. Plaintiff contends that the disclosure of her charge file benefits the public because it "clarifies that employees subject to mandatory arbitration agreements may honor those agreements while still exercising their statutory rights under FOIA to obtain investigative information relevant to their claims." (Doc. 36 at 6.) But if vindicating rights under FOIA for similarly situated requesters satisfies the public-benefit factor, that reasoning would apply to any FOIA suit in which the government ultimately makes a disclosure. The public-benefit factor requires a more particularized showing than clarifying one's rights under FOIA. Plaintiff must show that the disclosure of *these* records benefits the public. *See Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995) ("The only way to comport with [the public-benefit] prong is to evaluate the specific documents at issue in the case at hand."). The requested records consist of Plaintiff's charge file, which "frequently has documents related to the EEOC's investigative efforts . . . provided to and from both the employer and employee," meaning the charge file relates specifically to Plaintiff's relationship with her employer. (Doc. 12 ¶ 18.) Disclosure of that information, which is individual to Plaintiff, does not confer a public benefit because it does not "'assist

the citizenry generally in making an informed judgment as to governmental operations.'" *Read v. F.A.A.*, 252 F.Supp.2d 1108, 1010 (W.D. Wash. 2003) (quoting *Aviation Data Serv. V. Fed. Aviation Admin.*, 687 F.2d 1319, 1323 (10th Cir. 1982)). The Court finds that Defendant's disclosure did not confer a public benefit.

The next two factors are considered together. *See Klamath Water Users Protective Ass'n v. U.S. Dep't of the Interior*, 18 F. App'x 473, 475 (9th Cir. 2001). The factors call upon the Court to consider the nature of Plaintiff's request and whether the disclosure confers a commercial benefit. *Schoenberg*, 2 F.4th at 1275. The factors ask "whether a plaintiff has sufficient private incentive to seek disclosure of the document without expecting to be compensated for it." *McKinley v. Fed. Hous. Fin. Agency*, 739 F.3d 707, 711 (D.C. Cir. 2014). Although there is no commercial benefit gained from the disclosure of Plaintiff's charge file, the motivation for the request was personal—namely, Plaintiff hoped to prosecute her personal claim. And "when a litigant seeks disclosure for a commercial benefit *or* out of other personal motives, an award of attorney's fees is generally inappropriate." *Tax Analysts v. U.S. Dept. of Justice*, 965 F.2d 1092, 1095 (D.C. Cir. 1992) (emphasis added), *superseded by statute on other grounds as recognized in Summers v. DOJ*, 569 F.3d 500, 502-03 (D.C. Cir. 2009). The Court finds that the second two factors weigh against Plaintiff's entitlement to recovery.

The final factor asks "whether the government's withholding of the records had a reasonable basis in law." *Schoenberg*, 2 F.4th at 1275. Defendant's regulation provides that "[a] respondent must always provide a copy of the 'Filed' stamped court complaint when requesting a copy of a charge file." 29 C.F.R. § 1610.5(b)(3). Plaintiff did not provide a stamped court complaint and instead "provided the EEOC with proof of the pending arbitration along with her FOIA request." (Doc. 36 at 2.) Defendant denied Plaintiff's request for her charge file because she had "not shown the existence of any lawsuit filed by the charging party in federal district court." (Doc. 12-1 at 3.) The Court finds that Defendant's denial of the request had a reasonable basis in law, namely 29 C.F.R. § 1610.5(b)(3).

All factors thus way against Plaintiff's entitlement to any award. The Court will grant Defendant's Motion to Strike (Doc. 33) and will not permit the taxation of costs. The Court will also deny Plaintiff's Motion for Attorneys' Fees (Doc. 36) and will not award attorneys' fees.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike (Doc. 33) is **GRANTED**. The Clerk of Court must strike Plaintiff's Bill of Costs (Doc. 32) and tax no costs.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorneys' Fees (Doc. 36) is **DENIED**.

Dated this 8th day of May, 2026.

Michael T. Liburdi
Michael T. Liburdi
United States District Judge